UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN GALAFATE,<br><br>Petitioner,<br><br>v.<br><br>HUNTER ANGLEA, Warden,<br><br>Respondent. | No. 1:19-cv-01743-DAD-JLT (HC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS<br><br>(Doc. No. 15) |

Petitioner John Galafante is a state prisoner proceeding *pro se* and *in forma pauperis* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The matter was referred to a U.S. Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On May 13, 2020, the assigned magistrate judge issued the pending findings and recommendations. (Doc. No. 15.) The magistrate judge found that petitioner failed to exhaust one of the two claims he is asserting in the pending petition for federal habeas relief and on that basis recommended granting defendant's motion to dismiss and directing petitioner to either amend his petition to remove the unexhausted claim or request dismissal of the petition without prejudice so that he may return to state court to exhaust his state remedies. (Doc. No. 15 at 1–3.)[1]

---

[1] There is, however, a third option potentially available to petitioner and is described as follows:

> If petitioner wishes the petition to be maintained as a mixed petition of both exhausted and unexhausted claims pending further

1

1   The findings and recommendations were served on petitioner and contained notice that any

2   objections thereto were to be filed within twenty-one (21) days of service.  (*Id.* at 4.)  Petitioner

3   has not filed any objections, and the time in which to do so has since passed.

4       In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), the court has conducted a

5   *de novo* review of the case.  Having carefully reviewed the entire file, the court concludes that the

6   findings and recommendations are supported by the record and by proper analysis.

7   /////

---

exhaustion, he may seek a stay pursuant to *Rhines v. Weber*, 544 U.S. 269 (2005).  In *Rhines*, the United States Supreme Court found that a stay and abeyance of a mixed federal petition should be available only in the limited circumstance that (1) good cause is shown for a failure to have first exhausted the claims in state court, (2) the claim or claims at issue potentially have merit, and (3) there has been no indication that petitioner has intentionally delayed pursuing the litigation.  *Id.* at 277-78.

Alternatively, petitioner may seek to stay an exhausted-claims-only petition pursuant to *Kelly v. Small*, 315 F.3d 1063 (9th Cir. 2003).  *See King v. Ryan*, 564 F.3d 1133, 1135 (9th Cir. 2009) (citing three-step procedure of *Kelly*).  Pursuant to the *Kelly* procedure, the court may stay a petition containing only exhausted claims while allowing the petitioner to proceed to state court to exhaust additional claims. *King*, 564 F.3d at 1135 (citing *Kelly*, 315 F.3d at 1070-71). The procedure under a *Kelly* stay is as follows: "(1) a petitioner amends his petition to delete any unexhausted claims; (2) the court stays and holds in abeyance the amended, fully exhausted petition, allowing the petitioner the opportunity to proceed to state court to exhaust the deleted claims; and (3) the petitioner later amends his [federal] petition" to reincorporate the newly exhausted claims. *King*, 564 F.3d at 1135. The Kelly stay-and-abeyance procedure has no requirement of a good cause showing or that the claims are potentially meritorious.  However, using the *Kelly* procedure means that any newly-exhausted claims later added to the federal petition by amendment must, if brought outside the federal habeas statute of limitations, relate back to the claims in the stayed petition; in other words, "the *Kelly* procedure, unlike the *Rhines* procedure, does nothing to protect a petitioner's unexhausted claims from untimeliness in the interim." *King*, 564 F.3d at 1141.

In the event petitioner chooses to proceed on an exhausted-claims-only petition without a stay, he is cautioned that any future attempt to amend the petition to add newly-exhausted claims might face challenges based on timeliness, the limitations applicable to second or successive petitions, and/or other procedural hurdles, depending on the circumstances.

*Cruz v. California*, No. 2:16-cv-0498 TLN AC P, 2016 WL 7374625 (E.D. Cal. Dec. 19, 2016).

Accordingly,

1. The May 13, 2020 findings and recommendations (Doc. No. 15) are adopted in full;
2. Respondent's motion to dismiss (Doc. No. 13) is granted; and
3. Within thirty (30) days from the issuance of this order, petitioner shall either: (a) file an amended petition, removing the unexhausted claim; (b) file a request for dismissal of the pending petition without prejudice so that he may return to state court to exhaust his state remedies; or (c) move for a stay and abeyance of these federal habeas proceedings pending his exhaustion of his unexhausted claim, delineating whether he is making such a motion pursuant to the decision in *Rhines* or *Kelly*.

IT IS SO ORDERED.

Dated: **July 1, 2020**

UNITED STATES DISTRICT JUDGE

3